Well Done Realty, LLC, Petitioner-Landlord-Respondent, 
against
Benjamin Epps and Amy Monroe-Epps, Respondents-Tenants-Appellants, -and- Sue Monroe, "John Doe" and "Jane Doe," Respondents-Undertenants-Appellants.



Tenants and undertenant Sue Monroe appeal from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered February 7, 2017, which, upon a prior order granting landlord's motion for summary judgment, awarded landlord possession in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered February 7, 2017, affirmed, with $25 costs.
Undertenant Sue Monroe failed to raise any triable issue of fact with respect to her proffered succession defense. It is undisputed that while the record tenants of the subject rent stabilized apartment began residing elsewhere in 2003, they continued to execute renewal leases for the apartment extending through September 2015 and continued to pay rent by checks in their names during that time. Thus, tenants "cannot be found to have permanently vacated the apartment at any time prior to the expiration of the last lease renewal on [September 30, 2015]" (Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012]). In the absence of any evidence tending to show that undertenant Monroe, the mother of tenant Amy Monroe-Epps, "resided with" tenants in the subject apartment during the two-year period immediately preceding the tenants' permanent vacatur (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]), her succession claim must fail (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533; Mia Terra Realty Corp. v Sloan, 57 Misc 3d 141[A], 2017 NY Slip Op 51360[U] [App Term, 1st Dept 2017).
Nor has undertenant raised a triable issue as to whether landlord recognized her as a tenant in her own right or waived the right to contest her continued occupancy (see 117 W. 57th [*2]St. Realty Corp. v Estate of Hultgren, 205 AD2d 363 [1994], revg for reasons stated in dissenting op. of McCooe, J., NYLJ, Sept 14, 1993, at 21, col 1, 1993 WL 393073 [App Term, 1st Dept 1993]; 206 W. 104th St. LLC v Zapata, 45 Misc 3d 135[A], 2014 NY Slip Op 51747[U][App Term, 1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2018